•CARROLL, DONALD K„ Judge
(dissenting) .
I respectfully dissent from the majority opinion because of my conviction that in the circumstances shown by this record the deputy commissioner and the Commission had the statutory duty to make a finding as to whether the method provided in Subsection (1) of Section 440.14, Florida Statutes, F.S.A., could reasonably and fairly be applied, and, if they found it could not be, to apply the method set forth in Subsection (3) of that section.
It seems to me that the Commission was in clear error in their belief that the legislature intended that Subsection (3) “be used where subsections (1) and (2) could not be applied”, for Subsection (3) provides another method of computing the award if either of the methods provided in Subsections (1) and (2) “cannot reasonably and fairly be applied * * * ” The construction of the Commission would have the effect of “reading out” of the statute the critical words “reasonably and fairly”. j.
Subsections (1) and (3) are clearly “in pari materia”, and Subsection (1) should he read as if it contained the provisions in Subsection (3), as a limitation upon the provisions of Subsection (1). To me this is so plain that judicial interpretation is not required. The intent expressed in this legislation seems crystal-clear.
Simply put, the question before us is whether, when the evidence shows that the thirteen weeks preceding the date of an injury were a very slack period during which the employee earned a much lower average weekly income than her average weekly income if computed upon an annual basis, is it reasonable and fair to apply the formula provided for in Subsection (1) ? It seems to me that the situation is such that the deputy commissioner should' have expressly made a finding as to whether the application of the method provided in Subsection (1) was reasonable and fair, and, if it was not, he should have applied the formula in Subsection (3). While it may well be that the necessity for such a finding in some cases may impose an additional burden upon deputy commissioners, that consideration cannot, of course, materially affect the proper application of a statute such as this. The members of the legislature, when they enacted this statute, were no doubt aware of the fact that in Florida particularly there are many businesses and industries, such as the citrus industry, which are subject to slack and boom periods. They no doubt enacted *460 Subsection (3) to prevent harsh applications of the formulae in Subsections (1) and (2), when such applications would be unreasonable and unfair as to either an employee or, for that matter, an employer. This does not mean that in every case involving seasonal employment a determination must be made as to reasonableness and fairness, but only that in situations like the present, where there is an obvious question as to whether the application of a method is fair and reasonable, are the deputy commissioner and the Commission required to make the determination required by the legislature.
Such a holding would be in line with the fundamental purpose of workmen’s compensation laws. As Larson says in his “Workmen’s Compensation Law, Section 60.11, on page 71:
“The entire objective of wage calculation is to arrive at a fair approximation of claimant’s probable future earning capacity. His disability reaches into the future, not the past; his loss as a result of injury must be thought of in terms of its impact on probable future earnings, perhaps for the rest of his life.”
Certainly the probable future earnings of the claimant in the instant proceedings would be on a much higher average weekly rate than the rate, adopted by the deputy commissioner and the Commission, based upon the unusual slack thirteen-weeks period that happened immediately to precede the date of her injury.
I would, therefore, grant the writ of certiorari herein sought, quash the order of the Commission, and remand the cause to the Commission and the deputy commissioner with directions to make a specific finding based upon evidence as to whether the method provided in Subsection (1) of Section 440.14 can reasonably and fairly be applied in this case, and, if such method cannot be applied, to apply the method provided for in Subsection (3) of the statute.